UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Wendy Grasso and Nicholas Grasso, on behalf of themselves and all others similarly situated,** | No. 8:16-cv-00911-CEH-TGW |
| **Plaintiffs,** | Class Action |
| v. | |
| **Electrolux Home Products, Inc.,** | |
| **Defendant**. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY AND APPROVAL OF NOTICE TO CLASS AND RELATED MATTERS

On October 6, 2017, Plaintiffs Wendy Grasso and Nicholas Grasso and Robert Brown (collectively, "Plaintiffs" or "Class Representatives"), on behalf of themselves and the Settlement Class, as defined below, and Defendant Electrolux Home Products, Inc. ("Electrolux") (Plaintiffs and Electrolux collectively, "the Parties") executed a Class Action Settlement Agreement ("Settlement Agreement" or "Agreement").  Pursuant to the Agreement, the Parties have moved for entry of an order granting preliminary approval to the settlement provided for in the Settlement Agreement (the "Settlement") pursuant to Fed. R. Civ. Proc. Rule 23(a) and Rule 23(b)(3).  All defined terms in this Order (i.e., all capitalized words or phrases) shall have the same definitions and meanings as those set forth in the Parties' Settlement Agreement.

Having reviewed the Settlement Agreement and considered the Parties' submissions in support of preliminary approval of the Settlement, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

## I. CERTIFICATION OF THE SETTLEMENT CLASS

The Agreement settles all Released Claims, as defined below, that have been or could have been brought in the putative class-action Litigation and Related Actions. The Agreement provides for a nationwide class settlement of the Released Claims concerning certain models of high-efficiency front-load washing machines manufactured by Electrolux and sold under the Electrolux, Frigidaire, Crosley, White-Westinghouse, or Kenmore brand names that are the subject of the Lawsuits. As a part of the Agreement, the Defendant does not object to the certification of the Class for Settlement Purposes Only ("Settlement Class").

A. The Court has considered (1) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings and motions previously filed by each of them in this case; (2) information, arguments, and authorities provided by parties in their memoranda submitted in support of the joint motion for entry of an order granting preliminary approval to the Settlement; (3) Defendant's decision to not object for the purpose of the Settlement to certification of the Settlement Class specified in the Settlement Agreement; (4) the terms of the Settlement Agreement including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (5) the Settlement's elimination of any potential manageability issues, ascertainability issues, and individualized issues of fact and law that could have had a bearing on the certification of a nationwide class for trial. Based on these considerations, the Court reviewed the required factors for class

certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and makes the following findings.

1. The Settlement Class is ascertainable. The class is defined solely with reference to objective criteria. It is administratively feasible to determine class membership (assuming, arguendo, that ascertainability includes this requirement).

2. From 2004 through 2011, Electrolux manufactured thousands of high-efficiency front-load washing machines (including 3.1, 3.5, and 4+ platforms) sold under the Electrolux, Frigidaire, Crosley, White-Westinghouse, or Kenmore brand names ("Class Washers"), identified by model numbers in the Settlement Agreement that were sold to, acquired by, or received as a gift by persons nationwide. These numbers readily satisfy the numerosity requirement of Rule 23(a).

3. There are questions of law and fact common to all members of the Settlement Class based on Electrolux's manufacture and sale of Class Washers. Such questions include, but are not limited to, the following:

   a. Whether the Class Washers contained one or more design defects that caused the Class Washers to not adequately self-clean themselves of laundry residue and to build up mold or bacteria inside the Washers, resulting in bad odors and ruined laundry; and

   b. Whether Plaintiffs and the members of the Settlement Class can recover damages based on the alleged self-cleaning defects.

4. The Class Representatives' claims are typical of the Settlement Class. Class Representatives are members of the Settlement Class and allege that they have been damaged by the same conduct of Defendant that they allege has damaged other members

3

of the Settlement Class. Class Representatives' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Class Representatives and other members of the Settlement Class are based upon corresponding theories.

5. Class Representatives can fairly, fully, and adequately protect the interests of the Settlement Class. Plaintiffs' counsel are experienced in prosecuting complex class-action litigation, and Class Representatives and Class Counsel have no interest that conflicts with, or is adverse to, the interests of the Settlement Class.

6. Questions of law and fact common to all members of the Settlement Class predominate over any questions affecting only individual members for settlement purposes.

7. A nationwide class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

B. For the purpose of determining whether the terms of the Settlement are fair, reasonable, and adequate, the Court certifies the following Settlement Class pursuant to Fed R. Civ. Proc. Rules 23(a) and 23(b)(3) for settlement purposes only:

> All individual consumers who between January 1, 2004, and December 31, 2011, purchased a "Class Washer" (as defined below) in the United States.
>
> The term "purchased" shall include the acquisition of a Class Washer by (i) payment of consideration for said Class Washer, (ii) as part of the purchase or remodel of a home, or (iii) receiving a Class Washer as a gift prior to its first use.
>
> Excluded from the Settlement Class are (a) officers, directors, and employees of Electrolux or its parents or subsidiaries, (b) insurers of members of the Settlement Class, (c) any entity purporting to be a subrogee of a member of the Settlement Class, (d) all third-party issuers or providers of extended warranties or service contracts for Class Washers, (e) persons who previously settled and released their claims against Electrolux with respect to the front-loading washing machines that

4

are the subject of this Settlement, (f) the Court overseeing the proposed settlement and the Court's immediate family, and (g) those individuals who timely and validly exclude themselves from the Class by means of the Opt Out Procedure.

"Class Washer" means any new and previously unused high-efficiency front-load washing machine manufactured by Electrolux (including 3.1, 3.5, and 4+ platforms) and sold under the Electrolux, Frigidaire, Crosley, White-Westinghouse, or Kenmore brand names.

C. The Court appoints Plaintiffs Wendy Grasso, Nicholas Grasso, and Robert Brown as the Class Representatives of the Settlement Class.

D. The Court appoints Edward Wallace of Wexler Wallace LLP and R. Brent Irby, Esq. of the law firm of McCallum, Hoaglund, & Irby, LLP as Lead Class Counsel for the Settlement Class.

E. If for any reason the Settlement Agreement ultimately does not become effective, Defendant's conditional decision to not object to the certification of the Settlement Class shall be null and void in its entirety; this Order certifying a nationwide class shall be vacated; the Parties shall return to their respective positions in the Lawsuits as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action or proceeding of any kind.

## II. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A. Defendant has at all times disputed, and continues to dispute, Plaintiffs' allegations in the Lawsuits, denies any liability for any of the claims that have or could have been alleged by Plaintiffs or other members of the Settlement Class, and maintains that the Class Washers are free of defects.

      B.      The Settlement requires Electrolux to provide specified compensation to each Class Member who meets certain eligibility requirements and who timely submits a valid, complete Claim Form, with or without specified supporting documentation depending on the Class Members' repair and complaint history, all as defined and set forth in the Settlement Agreement. All Class Members are entitled to make a claim for a 5% cash rebate off the purchase price of a new Electrolux-built appliance from among the appliances listed on the Appliance Options List attached to the Settlement Agreement, regardless of whether they experienced persistent bad odors and/or mold growth problems inside their Class Washer. All Class Members who experienced persistent (that is, more than one time) bad odors and/or mold growth problems inside their Class Washer within 5 years after purchase are entitled to make a claim for one of the following enhanced benefits: (a) a $50 cash payment; (b) a 20% cash rebate off the purchase price of a new Electrolux-built appliance from among the appliances listed on the Appliance Options List attached to the Settlement Agreement; or (c) a cash reimbursement payment, up to $500, for the amount of out-of-pocket expenses Class Members can establish through sufficient documentary proof they incurred to service or replace a Class Washer, or to replace garments or fabrics (up to $150 as part of $500 limit), due to persistent bad odors and/or mold growth problems inside the Washer.

      C.      On a preliminary basis, therefore, taking into account (1) the defenses asserted by Defendant and that a jury verdict in favor of the washing machine manufacturer in a similar case involving a different manufacturer occurred in the 2014 bellwether trial in *Glazer v. Whirlpool*, (2) the risks to the members of the Settlement Class that Electrolux would successfully defend against claims arising out of the facts and legal theories pleaded and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class

action, and (3) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more additional trials and appeals, the Settlement appears fair, reasonable, and adequate.  Moreover, the Parties have reached the Settlement after nine years of exhaustive litigation, including: written discovery; the production of over 100,000 pages of documents by Defendant; numerous facts and expert depositions; numerous inspections of Plaintiffs' and Class Members' washing machines; disclosure of numerous comprehensive expert reports on liability and damages issues; conducting numerous court hearings in this and related actions; motion practice, and engaging in arms-length settlement negotiations over the course of several months. For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

      D.      Accordingly, it is ORDERED and ADJUDGED that the Settlement Agreement is preliminarily approved.

**III.    APPROVAL OF THE FAQ/ONLINE/MAILED/EMAILED FORM OF NOTICE, THE PUBLICATION NOTICE, THE CLAIM FORM, AND THE PLANS FOR DISTRIBUTION AND DISSEMINATION OF THE SETTLEMENT NOTICES**

      A.      As provided for in the Settlement Agreement, the Parties have submitted: (i) a separate, proposed summary settlement notice for Pre-Qualified and Non-Prequalified Settlement Class Members, as appropriate, ("Summary Notice") to be mailed to the last known address of Settlement Class Members for whom Electrolux has an address reasonably available in its possession, copies of which are attached to the Settlement Agreement as Exhibit E; (ii) a plan for distributing the Summary Notice to the Settlement Class Members by email for whom Electrolux has an email address reasonably available in its possession; (ii) a proposed Publication Notice, a copy of which is attached to the Settlement Agreement as Exhibit F; (iii) a plan for the

Publication Notice's publication in print periodicals and on websites and via digital media to provide additional notice to the Settlement Class; (iv) a proposed long-form settlement notice in the form of Frequently Asked Questions and Answers or a "FAQ Notice," a copy of which is attached to the Settlement Agreement as Exhibit G, which will be published on the Settlement Website and mailed or emailed to those Class Members who request a hardcopy; (v) a proposed Claim Form for the cash payment and rebate certificate option as Settlement benefits; (vi) a plan for allowing Class Members to file Claim Forms by email, U.S. Mail, or the Settlement Website and for mailing a Claim Form to other Class Members who contact the Settlement Administrator by telephone, mail, or email requesting a Claim Form be sent to them; and (vii) a plan for establishing a Settlement Website, with the FAQ Notice and other information and documents that the Parties jointly agree to post concerning the nature of the case and the status of the Settlement, including Claim Forms, a copy of the FAQ Notice, information relating to relevant deadlines, a complete copy of the Settlement Agreement, and orders of the Court.  All Notices and the Claim Forms will be available in an English language format and, upon request, the long form FAQ notice and Claim Forms in a Spanish language format.

      B.      The standard for the adequacy of a settlement notice in a class action is measured by reasonableness. *See* Fed.R.Civ.P. 23(e).  In this Circuit, Rule 23 has been interpreted "to require that class members be given `information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action,' though the notice need not include `every material fact' or be `overly detailed.'" *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (quoting *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1104-1105 (5th Cir. 1977)).

C.  The proposed plan for distributing and publishing the Summary Notice, FAQ Notice, Publication Notice, Claim Form, and establishing the Settlement Website appears reasonably likely to notify members of the Settlement Class of the Settlement, and there appears to be no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who will not receive notice pursuant to the proposed distribution plans. The proposed plan also satisfies the notice requirements of Federal Rule of Civil Procedure 23(e) and all applicable federal law.

D.  The Summary Notice, FAQ Notice, Publication Notice, and Settlement Website will fairly, accurately, and reasonably inform members of the Settlement Class of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement Agreement; (3) appropriate information about, and means for obtaining, a Claim Form; (4) appropriate information about, and means for submitting, a Claim Form for compensation under the Settlement; and (5) appropriate information about how to challenge, or exclude themselves from, the Settlement, if they wish to do so.  The Settlement notices and Settlement Website also fairly and adequately inform members of the Settlement Class that failure to complete and submit a claim in the manner and time specified in the notices, Settlement Website, and Claim Form shall constitute a waiver of any right to obtain any compensation or benefit under the Settlement.  The notices and Settlement Website also fairly and adequately inform members of the Settlement Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing or otherwise to contest certification of the

Settlement Class or approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.

  E. The proposed Claim Forms provided for in the Settlement Agreement fairly, accurately, and reasonably inform members of the Settlement Class of (1) appropriate information about the nature of the litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for, submitting a claim for compensation under the Settlement; and (3) the fact that failure to complete and submit a Claim Form, in the manner and time specified in the notices, Settlement Website, and Claim Form, shall constitute a waiver of any right to obtain any compensation under the Settlement. The proposed plan for publishing the Claim Form on the Settlement Website and for mailing or emailing the Claim Form to Settlement Class Members who contact the Settlement Administrator by telephone, mail, or email requesting a Claim Form be sent to them is fair and reasonable.

  F. The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process. Accordingly, the Court ORDERS as follows:

    1. The form and content of the proposed Summary Notices, FAQ Notice, Publication Notice, and Claim Form are approved.

    2. Promptly following the entry of this Order, the Parties and Settlement Administrator shall prepare final versions of (i) the Summary Notice, (ii) FAQ Notice,

(iii) Publication Notice, and (iv) Claim Form, incorporating into each of them any corrections noted to the Court at the hearing of November 13, 2017, other non-substantive corrections, and the Fairness Hearing date and deadlines set forth in Part IV of this Order.

  3. Within 60 days after the Court's entry of this Order, the Settlement Administrator and Electrolux will file or cause to be filed with the Court a declaration of compliance with this plan of notice, including a statement of the number of persons to whom the Summary Notice was mailed.

  4. The Court appoints Angeion Group as Settlement Administrator.

  5. The Settlement Administrator shall perform the following functions in accordance with the Settlement Agreement, this Order, and subsequent orders that may be entered by this Court in this case:

   a. Within 45 days after entry of this Order, mail and email a Summary Notice to each last known address of record for identifiable Settlement Class Members.

   b. Perform a national change of address search and forward notices that are returned by the U.S. Postal Service with a forwarding address;

   c. Create a Settlement Website that will include all necessary and pertinent information for Settlement Class Members, including Claim Forms, a copy of the FAQ Notice, and information relating to relevant deadlines;

   d. At approximately the same time as the Settlement Administrator mails and emails the Settlement Notice, cause to be published the Publication

Notice according to the proposed notice plan, including through the use of digital media;

    e.    Accept online/electronic, as well as paper, Claim Forms;

    f.    Allow Settlement Class Members to electronically submit documents supporting their Claim Forms;

    g.    Receive, evaluate, and either approve completed Claim Forms as meeting the requirements of the Settlement Agreement or disapprove as failing to meet those requirements sent by Persons seeking to receive compensation;

    h.    No later than 30 days before mailing notices of Claim Denial, provide to Defendant's lead counsel and Class Counsel: (i) a list of the names and addresses of all Settlement Class Members who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined to be Valid Claims, by category of benefit; and (ii) a separate list of the names and addresses of all Persons who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined not to be Valid Claims, by category of benefit.  Class Counsel shall then have an opportunity to review the Notices of Claim Denial and request a meet and confer with Defendant's counsel should they decide to challenge any of the Notices of Claim Denial; in the event Class Counsel challenges a Notice of Claim Denial, that Notice shall not be sent to the claimant until Class Counsel and Defendant's counsel meet and confer to arrive at a resolution;

    i.    Send, by email or first class or priority United States Mail, to each Person who has submitted a Claim Form that the Settlement Administrator has

12

determined not to be a Valid Claim, and which has not been challenged by Class Counsel, a Notice of Claim Denial;

j. Process requests for exclusion from the Settlement;

k. Forward any objections to the Settlement received by the Settlement Administrator to Class Counsel and Defendant's counsel;

l. Provide to Class Counsel and Defendant's counsel periodic status reports regarding claims; and

m. Within 30 days after the payment of all Valid Claims by the Settlement Administrator, provide to Defendant's counsel and Class Counsel a statement of the total number of claims submitted (in total and by category of benefit), the total number of claims adjudicated as Valid Claims (in total and by category of benefit), and the total dollar amount paid to Class Members (in total and by category of benefit).

## IV.     PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.    **Fairness Hearing**

The Court schedules, for **March 29, 2018 at 10:30 a.m. EST**, a Fairness Hearing at the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 13A, to determine whether the certification of the Settlement Class, the appointments of Class Representatives, the appointment of Class Counsel, the Settlement Agreement, and the Settlement should receive final approval. At that time, the Court will consider any request that may be made by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses to Class Counsel and for service awards to each Plaintiff, all in accordance with the

terms of the Settlement Agreement. The Parties shall file their motions for final approval of the Settlement and any briefs in support of such motions on or before March 16, 2018.

### B. **Deadline for Members of the Settlement Class to Request Exclusion from the Settlement**

Members of the Settlement Class who wish to be excluded from the Settlement must mail or email their requests for exclusion to the Settlement Administrator by first-class or priority United States Mail, postmarked by the United States Postal Service, no later than sixty (60) days after the Class Notice Commencement Date, which is the first day the Settlement Website containing the FAQ Notice is accessible on the internet ("Opt-Out Deadline").

### C. **Deadline for Filing Objections to Matters to Be Heard at the Fairness Hearing and for Filing Requests to Appear and Present Argument or Evidence**

All objections to certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or the amount of fees and expenses that Class Counsel may apply for at the Fairness Hearing, shall be made in writing in accordance with the terms of the Settlement Agreement and, no later than sixty (60) days after the Class Notice Commencement Date, filed with or mailed to Clerk of the Court, United States District Court, Middle District of Florida, Tampa Division, 801 North Florida Avenue, Tampa, FL 33602. All objections must be filed with the Clerk of the Court and served on counsel for the Parties and received in writing or postmarked no later than sixty (60) days after the Class Notice Commencement Date ("Objection Deadline"). Any papers not submitted in the manner and time set forth in the Settlement Agreement and notice may not be considered at the Fairness Hearing, and all objections not made in the prescribed manner and

time shall be deemed waived.  Responses to objections shall be filed five (5) days before the Fairness Hearing, unless otherwise permitted by the Court.

All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Class Representatives as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or the amount of attorney fees and expenses or service awards that Class Counsel apply for, must mail to the Court, no later than sixty (60) days after the Class Notice Commencement Date, a notice of their intention to appear setting forth the basis of their objections and summarizing the nature and source of any evidence they intend to present at the Fairness Hearing, all in accordance with the terms of the Settlement Agreement and notice..

      D.    **Deadline for Submitting Claim Forms**

Class members will have 120 days from the Class Notice Commencement Date to submit a Claim Form for any of the benefits available under the Settlement.

**V.    CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY FEES AND COSTS AND FOR SERVICE AWARDS TO PLAINTIFFS**

Within 60 days after entry of this Order, Class Counsel will move the Court for entry of a separate order approving attorneys' fees and reimbursement of litigation expenses to Class Counsel to be determined by the Court.  Class Counsel also will move the Court to approve service awards to certain Class Representatives.  Electrolux shall pay any attorneys' fees and expense award**s** to Class Counsel and any service awards to Class Representatives in accordance with the terms of the Settlement Agreement.  Electrolux's payment of attorneys' fees, expenses,

15

and service awards to Class Counsel and Class Representatives shall be wholly separate from, and in addition to, Electrolux's payment of Settlement benefits to Class Members.

## VI. ABSENCE OF ANY ADMISSION; DENIAL OF ANY WRONGFUL ACT OR OMISSION AND OF ANY LIABILITY

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant has at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiffs in this action and any liability of any sort to Plaintiffs or any member of the Settlement Class. Nothing contained in the Settlement Agreement, in the documents relating to the Settlement Agreement, or in this Order shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

**DONE AND ORDERED** in Tampa, Florida on November 14, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

COPIES FURNISHED TO:
Counsel of Record