UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Wendy Grasso and Nicholas Grasso, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Electrolux Home Products, Inc.,<br><br>Defendant. | No. 8:16-cv-00911-T-36TGW<br><br>Class Action |

**FINAL ORDER AND JUDGMENT CERTIFYING THE CLASS, APPROVING THE CLASS ACTION SETTLEMENT, AND <u>DISMISSING THE ACTION WITH PREJUDICE</u>**

Upon considering Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Dkt. No. 232, the "Final Approval Motion"), seeking approval of the Proposed Settlement Agreement (or the "Proposed Settlement," on file with the Court as Exhibit A to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement filed October 10, 2017 (Dkt. No. 199)), and the memorandum, declarations and exhibits submitted in support of this motion, and on considering the record of these proceedings, the representations, argument, and recommendation of counsel, and the requirements of law at a hearing held on the 29th of March, 2018,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.  Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 232) is GRANTED.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this district.

4. The Court finds for settlement purposes only, that the Rule 23 factors are present and that certification of the proposed Class, as defined and set forth below, which was approved previously, is appropriate under Rule 23(a) and Rule 23(b)(3), in particular:

"Class" or "Settlement Class" means:

All individual consumers who between January 1, 2004, and December 31, 2011, purchased a "Class Washer" (as defined below) in the United States.

The term "purchased" shall include the acquisition of a Class Washer by (i) payment of consideration for said Class Washer, (ii) as part of the purchase or remodel of a home, or (iii) receiving a Class Washer as a gift.

Excluded from the Settlement Class are (a) officers, directors, and employees of Electrolux or its parents or subsidiaries, (b) insurers of members of the Settlement Class, (c) any entity purporting to be a subrogee of a member of the Settlement Class, (d) all third-party issuers or providers of extended warranties or service contracts for Class Washers, (e) persons who previously settled and released their claims against Electrolux with respect to the front-loading washing machines that are the subject of this Settlement, (f) the Court overseeing the proposed settlement and the Court's immediate family, and (g) those individuals who timely and validly exclude themselves from the Class by means of the Opt Out Procedure.

"Class Washer" means any new and previously unused high-efficiency front-load washing machine manufactured by Electrolux (including 3.1, 3.5, and 4+ platforms) and sold under the Electrolux, Frigidaire, Crosley, White-Westinghouse, or Kenmore brand names.

5. The following are the "Released Claims" and "Released Persons" as defined in the Proposed Settlement Agreement:

"Released Claims" means any and all known or unknown economic injury claims, demands, actions, suits, causes of action, damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory or statute whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Class Member who has not timely excluded themselves from the Class, whether or not they object to the settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of or in any way connected with the purchase, use and performance of a Class Washer in the United States, including but not limited to, (i) all claims for out-of-pocket expense, diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, cost-of-maintenance, cleaning, consequential damages, property damage, or premium-price damages, arising out of the Settlement Class Member's purchase or use of a Class Washer, and (ii) the allegations contained in the Litigation. The Released Claims do not include any claims for personal injury or death or claims derivative of such claims, nor does this Settlement revive any such claims.

"Released Persons" means (a) Electrolux Home Products, Inc. ("Electrolux"), (b) all distributors, suppliers, wholesalers, retailers, licensors or licensees, including but not limited to Sears, Roebuck & Company, CBS Corporation and/or any other Person who was in any way involved in or within the chain of distribution of Class Washers, including the chain of design, testing, manufacture, assembly, distribution, marketing, sale, installation or servicing of Class Washers as well as any warranty service providers involved in servicing the Class Washers purchased by a Plaintiff or Settlement Class Member pursuant to a Class Washer new product warranty issued by Electrolux, and (c) the respective past, present, and future parents, subsidiaries, affiliates, officers, directors, shareholders, agents, representatives, servants, employees, attorneys, predecessors and successors in interest, assigns, and insurers of the Persons described in the preceding clauses (a) and (b) above.

6. The capitalized terms used above and elsewhere in this Final Order and Judgment shall have the following meanings:

"Class Member" means all natural persons (or, in the case of minority, death or incapacity, their legal guardians or representatives) in the Class who do not exclude themselves from the Class by the Opt-Out Procedure (as defined below) in accordance with Fed. R. Civ. P. 23(c)(2) and the procedures set forth in the Notice.

"Opt-Out Procedure" shall mean the process for all natural persons (or, in the case of minority, death or incapacity, their legal guardians or representatives) to exercise their right to exclude themselves from the Class in accordance with Fed. R. Civ. P. 23(c)(2) and the procedures set forth in the Notice.

"Opt Outs" shall mean those natural persons (or, in the case of minority, death or incapacity, their legal guardians or representatives) included in the Class definition, but who have timely and properly exercised their right to exclude themselves from the Class under the Opt-Out Procedure, and therefore are no longer Class Members.

"Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's owners, members, partners, shareholders, spouse, heirs, predecessors, successors, representatives, and assignees.

"United States" means the United States of America including the fifty States of the United States, the District of Columbia, and the territories, possessions, and commonwealths of the United States.

7. Specifically, the Court finds for settlement purposes only that the Class described above satisfies the following factors of Rule 23(a) and Rule 23(b)(3):

(a) <u>Numerosity</u>: In this case, many thousands of individuals have asserted claims or have potential claims given the number of Class Washers purchased from 2004 through 2011. Thus, the Rule 23(a)(1) numerosity requirement has been met.

(b) <u>Commonality</u>: Plaintiffs' claims are common in that they allege that Class Washers were defective and could lead to mold, mildew, or odor issues.

(c) <u>Typicality</u>: The proposed class representatives' claims arise from the same course of conduct and share the substantially same legal theory, as do the claims of the putative Class Members. Furthermore, the proposed Class representatives will advance the interests of all Class Members. The individual class representatives allege various causes of action for recovery of alleged harms arising from the purchase and use of a Class Washer, including mold, mildew, or odor issues. The proposed class representatives' claims are typical of those of the proposed Class and satisfy Rule 23(a)(3).

(d) <u>Adequacy</u>: The proposed class representatives assert claims representative of the claims of the entire class. As such, even though the claims may not be identical to every claim of every putative Class Member, the proposed class representatives can adequately represent the putative Class.

The adequacy factor also considers Class Counsel. In this case, Class Counsel regularly engage in complex litigation similar to the present case

4

and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied.

(e) <u>Predominance</u>: There is predominance. Common issues include: (a) whether Class Washers were defective resulting in a risk of mold, mildew, or odor issues, and (b) whether Electrolux adequately disclosed the risks. The resolution of these questions is relevant to essential elements of every Class member's claims.

(f) <u>Superiority</u>: A settlement class that will determine the issues common to all Class Members and fix compensation for alleged economic injury is superior to thousands of trials that would risk disparate results for similarly situated people and entities.

8. In the interest of clarity, the Court reiterates that it makes the above findings set forth in paragraphs 3 and 6 regarding certification of the Class only for the purposes of settlement.

9. The Court reconfirms the appointment of the Class Representatives.

10. A class action settlement should be approved so long as it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The Court approves the Proposed Settlement dated as of October 6, 2017, together with all of its Exhibits, on file with the Court as Exhibit A to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement filed October 10, 2017 (Dkt. No. 199-1), as being fair, adequate, and reasonable and in the best interests of the Class, satisfying Rule 23(e) and the fairness and adequacy factors of this Circuit. In particular, the Court finds that:

**Fairness and Adequacy of the Proposed Settlement.**

The Court finds that the Proposed Settlement is fair and adequate.

5

The fairness and adequacy factors concern whether there has been arm's-length bargaining and a lack of fraud or collusion. Courts in this Circuit also consider the following six factors: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved." *Id.*

**No Fraud or Collusion.**

The facts and circumstances of the negotiations set forth in counsel's affidavits and papers demonstrate that there has been considerable arm's-length bargaining following extensive discovery and litigation. A proposed class action settlement is considered presumptively fair where, as here, there is no evidence of collusion and the parties, through capable counsel, have engaged in arm's-length negotiations. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'").

Here, there is no evidence that the parties engaged in anything other than arm's-length negotiations through qualified counsel. Moreover, the Court is also satisfied that Class Counsel was sufficiently informed to vigorously advocate on the Class' behalf and did so. Therefore, the Court finds that the Proposed Settlement is presumptively fair and adequate.

**The Likelihood of Success at Trial**

Plaintiffs face significant difficulties in proving the substance of their claims, including that they sustained actual economic harm or property damage as a result of defendant's alleged conduct. This difficulty, balanced against the relatively assured compensation under the Proposed Settlement, weighs in favor of the fairness and adequacy of the compromise. Plaintiffs' ability to prevail on the merits of this litigation, as in all contested matters, is uncertain. The Proposed Settlement, however, confers relatively assured and substantial benefits for Class Members' claims who have adequate proof of their Class Washer claims.

Plaintiffs' claims would require substantial evidence and expert testimony to prove liability, causation, and damages. The Proposed Settlement and its claims procedure simplifies what is required of Class Members to make a claim.

The Proposed Settlement offers relatively assured, prompt and fair compensation. The balance between the uncertainty of litigated claims and

the assuredness of settled claims convinces the Court of the fairness and adequacy of the Proposed Settlement.

**Range of Possible Recovery**

The range of possible recovery in an action of this type includes zero recovery by plaintiffs or members of the class up to some modest sum to address out-of-pocket costs to address mold or odor problems. The Court is satisfied that the Proposed Settlement provides adequate compensation at least on or above the point of the range of possible recovery at which settlement here is fair, adequate and reasonable. Moreover, the Court finds it significant that the Proposed Settlement contemplates a level of compensation for those Class Members who cannot submit proof of previously reported problems with their Class Washers. It also provides a reasonable recovery for damaged clothes provided adequate proof of such a claim is provided.

**Complexity, Expense and Duration of Further Litigation.**

The complexity, expense, and duration of further litigation weigh heavily in favor of the Proposed Settlement as well. There is no doubt that the time and expense of continuing the litigation would be substantial. Avoiding that unnecessary and unwarranted expenditure of resources and time would benefit all parties and the Court.

**The Substance and Amount of Opposition to the Settlement.**

The Court finds that the substance and amount of the objections to the Proposed Settlement are without merit in light of the substantial evidence of the fairness, adequacy, and reasonableness of the Proposed Settlement. The opinions of class counsel, class representatives and absent members strongly indicate the fairness and adequacy of the compromise.

**Stage of Proceedings at which Settlement Was Achieved.**

This factor focuses on whether the parties are in a position to assess the strength and weaknesses of their respective positions. Notably, the parties have engaged in extensive formal discovery over the lengthy history of this case. Further, in addition to the information developed in this action, the parties have access to information developed in Related Actions, and in other litigation against the makers of other front-loading washing machines. Thus, Court concludes that this factor militates in favor of finding the Proposed Settlement fair and adequate.

11. The Court having considered each of the 15 objections docketed in connection with the Settlement and finding each of the objections to be without merit and

7

insufficient to withhold approval of the Settlement, overrules each of them for the reasons stated on the record at the hearing of this matter.

12. The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and practicable under the circumstances in its Preliminary Approval Order, dated November 14, 2017. Based on the declarations of Troy Walitsky (Dkt. No. 215-1) and Steven Weisbrot (Dkt. 232-1), both of Angeion Group, LLC, which set forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Class, thus constituting the best practicable notice and satisfying due process.

13. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

14. The Court appoints the firms of Wexler Wallace LLP; McCallum, Hoaglund, & Irby, LLP; Morgan & Morgan; Greg Coleman Law PC; Bell & Brigham; and Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel and reconfirms the appointment of Edward Wallace of Wexler Wallace LLP and R. Brent Irby, Esq. of McCallum, Hoaglund, & Irby, LLP as Co-Lead Class Counsel for the Settlement Class.

15. The Court reconfirms the appointment of Angeion Group, LLC as the Settlement Administrator.

16. The "Released Claims" (as defined below) of any and all Class Members are **HEREBY DISMISSED WITH PREJUDICE** against all "Released Persons" (as defined below):

> "Released Claims" means any and all known or unknown economic injury claims, demands, actions, suits, causes of action, damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory or statute whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Class Member who has not timely excluded themselves from the Class, whether or not they object to the settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of or in any way connected with the purchase, use and performance of a Class Washer in the United States, including but not limited to, (i) all claims for out-of-pocket expense, diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, cost-of-maintenance, cleaning, consequential damages, property damage, or premium-price damages, arising out of the Settlement Class member's purchase or use of a Class Washer, and (ii) the allegations contained in the Litigation. The Released Claims do not include any claims for personal injury or death or claims derivative of such claims, nor does this Settlement revive any such claims.
>
> "Released Persons" means (a) Electrolux Home Products, Inc. ("Electrolux"), (b) all distributors, suppliers, wholesalers, retailers, licensors or licensees, including but not limited to Sears, Roebuck & Company, CBS Corporation and/or any other Person who was in any way involved in or within the chain of distribution of Class Washers, including the chain of design, testing, manufacture, assembly, distribution, marketing, sale, installation or servicing of Class Washers as well as any warranty service providers involved in servicing the Class Washers purchased by a Plaintiff or Settlement Class Member pursuant to a Class Washer new product warranty issued by Electrolux, and (c) the respective past, present, and future parents, subsidiaries, affiliates, officers, directors, shareholders, agents, representatives, servants, employees, attorneys, predecessors and successors in interest, assigns, and insurers of the Persons described in the preceding clauses (a) and (b) above.

17. By entry of this Final Order and Judgment, each Class Member, and all other persons and entities claiming by, through, or on behalf of, a Class Member, are hereby forever barred and enjoined from commencing, filing, initiating, instituting,

prosecuting, maintaining, or consenting to any action against the Released Parties with respect to the Released Claims and forever discharge and hold harmless the Released Parties of and from any and all Released Claims which the Class Member has or may hereafter have.

18. This Final Order and Judgment notwithstanding, this Court retains continuing jurisdiction over the case, the Settlement, this Final Order and Judgment, the Class Members, the Settlement Administrator, the Settlement Escrow Account, the Plaintiffs, Class Counsel, and Electrolux for the purpose of administering, supervising, construing and enforcing this Settlement and the Final Order and Judgment, supervising the management and disbursement of funds under the Settlement, and addressing the application for an award of Class Counsel fees, expenses, and service awards.

19. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the Settlement in this case and this Final Order and Judgment.

20. **FINAL JUDGMENT** is hereby **ENTERED** dismissing with prejudice all Released Claims of the Class against all Released Persons as herein described.

21. Pursuant to Fed. R. Civ. P. 54(b), the Court determines that there is no just cause for delay and expressly enters judgment on all issues contained in this Order.

22. All pending motions are denied as moot.

23. The Clerk is directed to terminate all pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Hillsborough County, Florida this 23rd day of April, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
All parties of record including unrepresented parties, if any

11